## C. W. Winchester v. The State.

No. 17992.   Delivered March 11, 1936.

The opinion states the case.

*T. R. Odell*, of Haskell, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, a fine of fifty dollars.

It was charged in the indictment herein that appellant fraudulently took twenty posts of the value of twenty dollars, the property of J. J. Beason, from Beason's possession without his consent, etc.   The facts do not sustain the proposition of ownership in Mr. Beason.   Some twenty-five years or more ago a group of farmers west of Weinert, in Haskell County, agreed among themselves to build a local telephone line, apparently for whatever benefit or service said line would be to the individuals so agreeing.   The testimony is conflicting as to whether appellant was one of the original parties to the building of the line.   Mr. Beason testified that he was not in the community at that time, and not one of the parties to said agreement. The posts used in the construction of said telephone line, as far as we can tell from this record, were mesquite posts, some of which were supplemented by 2x4's nailed to the upper end. The record shows without dispute that after being in use for some time, the line became inactive and had been so for a good many years prior to the filing of this indictment.   It appears also that sometime prior to said indictment appellant collected a number of the posts which had been used in the construction of said line, and piled them up at his house.   He and his wife testified that this was done after a conversation with Mr. Beason, and at the suggestion of the latter.   Appellant testified that in the construction of the line originally he had con-

tributed or donated or advanced two hundred posts for which he was to get remuneration one way or another, and that he had never been paid for the posts, and that since the line became inactive the posts were rotting down; that he had tried to get pay for the posts he had furnished, and finally had been given to understand that there was no sale for the posts where they stood in the ground as part of the old line, and that only by getting them together and putting them in position where they could be inspected, would there be any possible sale for same and he could be paid for his posts. As far as we understand the record none of the posts which were gathered by appellant and taken to his house came from on any land or premises owned or controlled by Mr. Beason. The record is wholly devoid of any showing of misuse or destruction of any of the posts by appellant. A man who had been working for appellant, in the building of a barn, testified that he used a part of two or three of said posts, and that when appellant found it out he instructed said man to take them out and put them back in the pile. The undisputed facts show that Mr. Beason had in his possession a number of said posts, and that another man named Pace, who was at one time interested in the telephone line, had in his possession a number of the posts, and that another man, upon whose place some of the posts of said line had been located, had tried to get Beason or some one else to remove them, and when Beason declined to do so this man had his hired man to take the posts up and pile them in different places.

In addition to not being able to find in the record support for the averment of ownership in Beason, we wholly fail to find any testimony supporting the proposition of a fraudulent taking or a fraudulent appropriation by appellant. His attorney asked a special charge that if the property was not taken with intent to appropriate, or with intent to defraud, appellant should be acquitted, which instruction was refused. Appellant has lived practically all of his life in the neighborhood where he now lives, and is a farmer and ranchman, and we fail to find anything in the record supporting the proposition that in what he did he was guilty of fraudulent appropriation.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*